United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLIE LOUIS BRADLEY, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. H-20-2430 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Charlie Louis Bradley, representing himself, filed a petition for a writ of habeas corpus. For the following reasons, the petition is denied, and this civil action is dismissed.

Bradley was convicted of aggravated kidnapping and aggravated robbery in the 174th Judicial District Court of Harris County, Texas. Petition, (Docket Entry No. 1), at 2; https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04326328. That court sentenced him to a 75-year term of imprisonment. *Id*. The Texas Fourteenth Court of Appeals affirmed the judgment on October 21, 2008, and Bradley did not seek discretionary review by the Texas Court of Criminal Appeals. *Id.* at 3. On November 25, 2014, Bradley filed a state application for a writ of habeas corpus. *Id.* at 3-4. The Texas Court of Criminal Appeals denied the application without written order on January 31, 2018. *Id.* at 4. Bradley filed this federal petition on September 7, 2020. *Id.* at 10. He contends that his counsel provided ineffective assistance on trial and on appeal.

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 requires a judge to "promptly examine" a newly filed petition. The rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Bradley did not file a petition for discretionary review, the statute of limitations began to run on November 20, 2008, 30 days after Bradley's conviction was affirmed. Tex. Crim. Pro. Art. 44.45(b). The limitations period expired on November 20, 2009. Bradley filed his federal petition on September 7, 2020, more than 10 years after the limitations period expired.

Although the statute of limitations is extended during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ," 28 U.S.C. § 2244(d)(2), Bradley did not file his state habeas application until November 25, 2014. Docket Entry No. 1*,* at 3-4. By that date, the statute of limitations was already expired and there was nothing left to extend.

Bradley has not requested a certificate of appealability, but this court may determine whether he is entitled to one. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a certificate either from the district court or an appellate court, but an appellate court will not consider it until the district court has denied the request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

Jurists of reason would not find it debatable that the petition is time-barred.  Bradley has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

Charlie Louis Bradley's Petition for Writ of Habeas Corpus, (Docket Entry No. 1), is denied and is dismissed with prejudice under Rule 4 of the Rules Governing Section 2254 Cases, and no certificate of appealability is issued.

SIGNED on January 3, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge